# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2022

Lyle W. Cayce
Clerk

———————

No. 21-50667
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Sergio Acuna-Trujillo,

*Defendant—Appellant*,

consolidated with

————————————

No. 21-50780

————————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Sergio Trujillo-Acuna,

*Defendant—Appellant*.

No. 21-50667 c/w
No. 21-50780

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-203-5
USDC No. 4:21-CR-71-1

---

Before KING, COSTA, and HO, *Circuit Judges.*

PER CURIAM:[*]

In this consolidated appeal, Sergio Acuna-Trujillo[1] challenges the sentence imposed following his guilty plea conviction for illegal reentry into the United States after removal, *see* 8 U.S.C. § 1326(a), (b)(2), and a separate judgment revoking the supervised release term imposed in an earlier case, *see* 18 U.S.C. § 3583(e). Because he does not address, in his appellate brief, the validity of the revocation or the revocation sentence, Acuna-Trujillo has abandoned any challenge to the revocation judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Acuna-Trujillo argues for the first time on appeal that the enhancement of his illegal reentry sentence pursuant to § 1326(b)(2) was unconstitutional because the fact of his prior conviction was not charged in his indictment or proved to a jury beyond a reasonable doubt. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve the issue for further review. The

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] The district court in the matter underlying No. 21-50667 uses the name "Sergio Acuna-Trujillo" but lists as an alias "Sergio Trujillo-Acuna," which the district court uses in the judgment in the matter underlying No. 21-50780. We use "Sergio Acuna-Trujillo" here, as the parties have done.

No. 21-50667 c/w
No. 21-50780

Government has filed an unopposed motion for summary affirmance or, in the alternative, a motion for an extension of time to file a brief.

We conclude that Acuna-Trujillo's concession of foreclosure is correct, and summary affirmance is appropriate. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the judgments of the district court are AFFIRMED.